# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEAN-PIERRE MESIA,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-2070-Orl-DAB**

**FLORIDA AGRICULTURAL AND
MECHANICAL UNIVERSITY SCHOOL
OF LAW,**

        **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS FOR LACK OF JURISDICTION (Doc. No. 15)**
>
> **FILED:** February 17, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** **MOTION FOR CASE MANAGEMENT CONFERENCE (Doc. No. 17)**
>
> **FILED:** February 19, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

Defendant, a college of law chartered by the State of Florida, moves to dismiss Plaintiff's Verified Petition for Pure Bill of Discovery (Doc. No. 1), contending that this Court lacks jurisdiction over this action. Plaintiff has responded (Doc. No. 23), and the parties have consented to the

jurisdiction of the United States Magistrate Judge. As the Court finds no cause of action within its limited jurisdiction, the motion to dismiss is granted.

It is axiomatic that district courts are courts of limited jurisdiction and, as such, are powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction) (*citing to Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n. 2 (11th Cir. 2005). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Defendant asserts that this Court has no jurisdiction to entertain the Verified Petition for a Pure Bill of Discovery, citing Fed. R. Civ. P. 12(b)(1), and that Plaintiff has failed to state a claim upon which relief can be granted, citing Fed. R. Civ. P. 12(b)(6). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Irwin v. Miami-Dade County Public Schools*, 2009 WL 497650, 1 (S.D. Fla. 2009), citing *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *See 75 Acres, LLC v. Miami-Dade County,* 338 F.3d 1288 (11th Cir. 2003). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the prior "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard).

Applied here, Plaintiff commenced this action via the filing of a Petition purporting to seek a bill of discovery. Notably, Plaintiff cites no authority under either state or federal law for such relief and the Petition does not purport to set forth the basis for this Court's jurisdiction, as required by Rule 8(a)(a), Fed. R. Civ. P. (the pleading "must contain" a "short and plain statement of the ground's for the court's jurisdiction"). Thus, on the face of the pleading, it is due to be dismissed. While dismissal on this technical ground (failure to plead a basis for jurisdiction) would normally be without prejudice, Defendant also asserts a factual attack on the cause of action itself, asserting that this Court does not have subject matter jurisdiction over this claim, as a matter of law.

In his response to the motion to dismiss, Plaintiff clarifies his cause of action as being an equitable action, under state law. Florida recognizes such an action:

> A pure bill of discovery is an equitable remedy which lies "to obtain the disclosure of facts within the defendant's knowledge, or deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court." *First Nat'l Bank v. Dade-Broward Co.,* 171 So. 510 (Fla.1936). The purpose of a pure bill is to identify "the proper parties against whom and the proper legal theories under which to subsequently sue for relief," *Sunbeam Television Corp. v. Columbia Broadcasting System, Inc.,* 694 F.Supp. 889 (S.D. Fla. 1988).

*Prudential Property and Cas. Ins. Co. v. American Plywood Ass'n,* 1994 WL 463527, 1 (S.D. Fla. 1994). The existence of this remedy under state law does not, of course, establish subject matter jurisdiction over this action in federal court. As it is a state law cause of action, jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) is not apparent, and Plaintiff has not pled any facts which would establish the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 373 (1978) (noting among other things the requirement of complete diversity between plaintiff and defendant). No other basis of jurisdiction is pled nor is any other basis evident.

Plaintiff represents that he has filed this action in order to "confirm his suspicions that he may have been the subject of discriminatory treatment and a violation of due process in the denial of [his] petition for readmission" to the school.[1] Plaintiff argues that this Court has jurisdiction "over the ultimate form of relief sought," if it appears that Petitioner's suspicions of discriminatory conduct are "born out by discovery." Even assuming, for purposes of this motion, the truth of Plaintiff's suspicions, the existence of a possible cause of action to be brought at some time in the future does not establish subject matter jurisdiction over the existing Petition for discovery. An action for a bill of discovery is separate and distinct from any subsequent action for relief based on the discovery, and, as such, Plaintiff must establish a basis for jurisdiction over the Petition. *Stoller v. Nissan Motor Corp.*, 934 F. Supp. 423 (S.D. Fla. 1996) (holding federal court lacked subject matter jurisdiction over bill of discovery); *accord Sunbeam Television Corp. v. Columbia Broadcasting System, Inc.,* 694 F. Supp. 889 (S.D. Fla. 1988). The fact that a possible future cause of action might be within this Court's jurisdiction does not change that conclusion. As the *Sunbeam* court noted:

> The Defendants further argue for removal by claiming that if one of the ultimate objects of the state law discovery proceeding is to facilitate the prosecution of an action over which a Federal Court has exclusive jurisdiction, then the Federal Court has jurisdiction over the discovery proceeding itself. The argument is not well taken. Florida has defined this proceeding as distinct from the matters as to which the Plaintiff seeks discovery. Upon answering the Bill, the proceeding terminates. A subsequent suit for relief is an entirely separate proceeding.

694 F.Supp. at 895.

In an effort to avoid this conclusion, Plaintiff relies heavily on *Perez v. Citibank,* 328 F. Supp. 2d 1374 (S.D. Fla. 2004), for the proposition that a pure bill of discovery could properly be entertained in federal court and "if the federal court has subject matter jurisdiction over the ultimate

---

[1]"Suspicions" do not satisfy the requirements of Rule 11, F.R.Civ.P. Nor does the desire to satisfy suspicions constitute a "case or controversy" under the limited jurisdiction of federal courts as set forth in Article III of the Constitution.

cause of action had it been brought [here] *ab initio,* then it has jurisdiction over the bill of discovery." Doc. No. 23 at 5-6. Plaintiff's reliance on *Perez* is misplaced.

In *Perez,* a plaintiff filed a complaint for a bill of discovery in state court, seeking discovery regarding the potential liability of Citibank for deposits made in the bank's Cuban branch in the mid-1950's. *Perez,* 328 F. Supp. 2d 1374, 1375. Citibank removed the case to federal court, arguing that the action was removable pursuant to the Edge Act, 12 U.S.C. § 632. As noted by the *Perez* court, the Edge Act allowed removal of all suits of a civil nature at common law or equity involving international or foreign banking and where one party is a United States corporation. *Id.* at 1376. Plaintiff moved to remand, contending that the bill was not an action within 28 U.S.C. § 1441(b) and was not a civil suit asserting any claim and did not arise out of international banking, within the meaning of the Edge Act. Citibank countered that § 1441(b) was inapplicable, and that removal was solely pursuant to the terms of the Edge Act. As summarized by the *Perez* court: "The relevant questions, then, are whether a bill of discovery is a civil suit *within the meaning of the Edge Act,* and whether Ms. Perez's bill of discovery arises out of international or foreign banking and/or financial operations." *Id.* at 1376 (emphasis added). The court interpreted the Act broadly, relied on precedent that determined that the Act "created federal subject matter jurisdiction over *all* civil actions to which a Federal reserve bank is a party, including civil actions based solely on a state statute," and ultimately determined that the action was properly removed under the Act. *Id.* at 1377-79.

As is clear, the question before the *Perez* court related solely to interpretation of the Edge Act, a statute which provided an independent basis for federal court jurisdiction and an Act that is not at issue in the instant case. Nothing in *Perez* purports to create subject matter jurisdiction based solely

on the nature of the state law cause of action.² Absent any similarity to the case at bar, *Perez* is not persuasive.

Plaintiff has failed to meet his burden to establish that the Court has jurisdiction to entertain a state law bill for discovery. While Defendant presents other defenses, the Court need not address them as the lack of jurisdiction is dispositive. The motion to dismiss is **granted** and the Verified Petition is dismissed with prejudice. All other motions are **denied, as moot.** The Clerk is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 16, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

²The *Perez* decision includes no discussion or consideration of the "case or controversy" requirement. For this reason as well, the opinion is not persuasive here.